**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

KENNETH A. FRANK, *Individually,*

            *Plaintiff,*

v.                                                                    **COMPLAINT**

THE GILLESPIE LAW FIRM, P.A., John R. Gillespie,          **JURY TRIAL**
P.A.,a Florida Corporation, JOHN R. GILLESPIE,            **DEMANDED**
*Individually,* DAVID J. GIANNONE, INC., d/b/a
COMPLETE MARINE, a Florida Corporation,
DAVOD J. GIANNONE, INC., d/b/a COMPLETE
MARINE a Florida Corporation,DAVID J. GIANNONE,
*Individually,* and DAVODJ. GIANNONE, *Individually,*

            *Defendants.*

_____/

**COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND**
**INJUNCTIVE RELIEF**

**JURY DEMAND**

1. Plaintiff KENNETH A. FRANK, *Pro Se* alleges: (i) violation(s) of the Fair Debt Collection

Practices Act, 15 U.S.C. section 1692, *et. seq.* ( hereinafter " FDCPA " ), (ii) the Florida

Consumer Collections Practices Act, Fla. Stat. section 559, *et. seq.* ( hereinafter " FCCPA " ),

- 1 -

which prohibits *all persons* from engaging in abusive, deceptive, and unfair practices in the collection of consumer debts, (iii) fraud, (iv) violation(s) of the Deceptive and Unfair Trades Practices Act ( hereinafter " DUTPA " ), Fla. Stat. 501.201, *et seq.*, and (v) violation(s) of the Florida Civil Rico Statute ( hereinafter " RICO " ), Fla. Stat. 772, *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. section(s) 1331, 1337, 1367 and 15 U.S.C. section 1692k.  Venue in this District is proper under 28 U.S.C. section 1391, because Plaintiff resides here and Defendant does business in the District.

## PARTIES

3. Plaintiff, KENNETH A FRANK is a natural person, and citizen of the State of New York, residing in Broward County Florida.

4. Defendant, THE GILLESPIE LAW FIRM, JOHN R. GILLESPIE, P.A., ( " GILLESPIE FIRM " ) is a Florida for profit Corporation, engaged in the practice of law and debt collection, and maintains a principal place of business located at 2211 Northeast 36 Street, Suite 203, Lighthouse Point, Florida 33064.

5. Defendant, JOHN R. GILLESPIE, is a natural person, and citizen of the State of Florida, employed by " GILLESPIE FIRM ", and working from offices located at 2211 Northeast 36 Street, Suite 203, Lighthouse Point, Florida 33064.

6. Defendant, DAVID J. GIANNONE, INC., d/b/a COMPLETE MARINE, is a Florida for profit Corporation, engaged in marine repairs and maintains a principal place of business at 800 South Federal Highway, Pompano Beach, Florida 33060. Upon information and belief, DAVID J. GIANNONE, INC., does not own the fictitious name " Complete Marine ", is operating illegally as part of the massive scheme to defraud which constitutes racketeering conduct.

7. Defendant, DAVOD J. GIANNONE, INC., d/b/a COMPLETE MARINE, is a Florida for profit Corporation, engaged in marine repairs and maintains a principal place of business at 800 South Federal Highway, Pompano Beach, Florida 33060.

8. Defendant, DAVID J. GIANNONE, is a natural person, and citizen of the State of Florida, employed by DAVID J. GIANNONE, INC., and/or DAVOD J. GIANNONE, INC., and working from offices located at 800 South Federal Highway, Pompano Beach, Florida 33060.

9. All Defendants regularly use the mail and telephone in a business, the purpose of which is the collection of debt.

10. Defendant(s) THE GILLESPIE LAW FIRM, P.A., JOHN R. GILLESPIE P.A., and JOHN R. GILLESPIE, ESQ., regularly collect or attempt to collect debts for other parties; " they are " debt collectors " as defined in the FDCPA. Heintz v. Jenkins, 514 U.S. 291 ( 1995 ).

11. Defendant(s) THE GILLESPIE LAW FIRM, P.A., JOHN R. GILLESPIE, P.A., and JOHN R. GILLESPIE, ESQ., are Attorneys. An Attorney who initiates a lawsuit for the recovery of an alleged debt is a " debt collector " for purposes of the FDCPA and must comply with the FDCPA. Initiation of a lawsuit in State Court seeking recovery money is an " initial communication " within the meaning of the FDCPA. Heintz v. Jenkins, 514 U.S. 291, 293-296.

Goldman v. Cohen, 445 F. 3d 152 ( U.S. Court of Appeals for the Second Circuit ) (2006).

12. Defendant(s) THE GILLESPIE FIRM, P.A., and JOHN R. GILLESPIE, " regularly collects " or " attempts to collect , directly or indirectly, debts owed or due... another." Fox v. Citicorp., 15 F. 3d 1507 (1994).

13. "Debt " includes obligations reduced to judgment, any judicial proceeding relating to such a judgment constitutes a " legal action on a debt ". Fox v. Citicorp., supra.

14. A single violation of any provision of the Fair Debt Collection Practices Act ( FDCPA ), 15 USC section 1692, et. seq., is sufficient to establish civil liability under the FDCPA. Taylor v. Perrin, Landry, Delaunay & Durand, 103 F. 3d 1232 (1997).

15. Ordinary interpretations of the words " regular " and " regularly " fail to delineate the amount of debt collection activity required for a court to find an attorney a " debt collector " under the Fair Debt Collections Practices Act ( FDCPA ), 15 USC section 1692, et. seq. Schroyer v. Frankel, 197 F. 3d 1170 (1999).

16. DAVID J. GIANNONE, INC., d/b/a COMPLETE MARINE, DAVOD J. GIANNONE, INC d/b/a COMPLETE MARINE and DAVID J. GIANNONE, Individually, are vicariously liable for the actions of THE GILLESPIE FIRM, P.A., JOHN R. GILLESPIE, P.A., and JOHN R. GILLESPIE, Individually . Fox v. Citicorp Credit Services, Inc., 15 F. 3d 1507, ( 9th. Cir. 1994 ).

17. Defendant(s) DAVID J. GIANNONE, INC., d/b/a COMPLETE MARINE and/or DAVOD J. GIANNONE, INC., d/b/a COMPLETE MARINE, in the process of collecting its own *alleged* debts, used another name which indicates that a third person is collecting or attempting to collect the alleged debt. Under these circumstances, and pursuant to 15 USC section 1692a(6), Defendant(s) DAVID J. GIANNONE, INC., d/b/a COMPLETE MARINE and DAVOD J. GIANONE, INC., d/b/a COMPLETE MARINE are " debt collectors " under the Act.

18. At all times material to the allegations of this complaint, Defendants was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

19. The Fair Debt Collections Practices Act (FDCPA ) also prohibits debt collectors from " dunning the wrong person. " <u>Dutton v. Wolhar,</u> 809 F. Supp. 1130, 1134-35 ( D. Del. 1992 ).

20. The term " debt collector " means any person who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

21. The debt sought to be collected was a consumer debt within the meaning of the FDCPA and the FCCPA.

22. With respect to the " Congressional findings and declaration of purpose " portion of the FDCPA, The United States Congress has declared at 15 U.S.C. section 1692:

> (a) *Abusive Practices*
>
> There is an abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, Abusive debt

- 5 -

collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) *Inadequacy of laws*

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

23. The Fair Debt Collections Practices Act, 15 USC section 1692k demonstrates that the Act does not limit recovery to " consumers ". It imposes liability where a debt collector has failed to comply with the Act with respect to " any person ". Dutton v. Wolhar & Gill, P.A., 809 F. Supp. 1130 (1992).

24. The legislative history of the FDCPA supports the reading of the Act as in Dutton v. Wolhar & Gill, P.A., *supra*, as noted by House Report 95-131;

" this bill also protects people who do not owe money at all ".

25. All Defendants are " debt collectors " as defined by the FDCPA at 15 USC section 1692a(6). All Defendants are subject to the provisions of the FDCPA and FCCPA.

## FACTUAL ALLEGATIONS

26. In *early* July, 2010, Plaintiff Kenneth Frank ( hereinafter " Frank " ) was a passenger on a 1998 Sea Era ( boat ) owned by his *fiancé* Angela DiPilato ( hereinafter " DiPilato " ). Frank and DiPilato had occasion to stop for fuel at Defendant Giannone's marine facility. Once at the dock, Defendants's employees stated that they did not have fuel at this time. DiPilato requested that the mechanics diagnose a problem with the boat, that ran perfectly, other than at idle speed.

27. Plaintiff and its employees stated the boat would not idle because " air " was getting into the fuel lines through unsealed fittings. While Frank and DiPilato waited, Defendant made said repairs. Defendant was paid for the repairs. Upon completion, the boat was tested with defendants' staff on board and, the problem was still present. Upon return to the dock, Defendant [David or Davod J. Giannone ] *personally* advised that the problem was a low idle VRO fuel pump which he stated had been replaced in the past with an improper " aftermarket " fuel pump. Defendant estimated the cost of the repair at approximately $ 400.00 and the boat was left at his facility.

28. After several weeks, Defendant Giannone telephoned Plaintiff and DiPilato stating the boat had been repaired [ that he could not test the boat without the owner onboard ] and to come to test the boat. Plaintiff and DiPilato dis so.  Plaintiff, DiPilato and Defendant' employee got stuck on the water for hours and the boat would not run at all. Now, a boat that arrived at Defendants facility running did not run at all.

29. After several more weeks passed, Defendant Giannone telephoned Plaintiff and DiPilato stating that the problem was the fuel tank and not the engine. Defendant Giannone stated that the " ethanol " now contained in fuel was dissolving the fuel tank. He stated that the floor would have to be cut and the fuel tank replaced for a cost of $ 7,000.00. Giannone stated that he had installed " temporary fuel tanks " and the boat ran perfect at the dock.

30 Plaintiff and DiPilato telephoned the manufacturer of the boat who stated that the manufacturer's engineering department has already determined that their fuel tanks were not susceptible to this occurrence. The manufacturer stated that "if the *original* fuel lines were still on the boat they might dissolve ", and if this was the problem, the fuel lines should be changed.

31. Plaintiff advised Defendant Giannone of these facts. Defendant stated that " he had already changed all the fuel lines ". Obviously, the fuel lines or fuel tank were not the problem and *never* were. Importantly, none of the work Defendant said he performed was authorized.

32. By this time, the Defendant had DiPilato's boat for in excess of two months, the boat was not repaired and did not run. Defendant now said the problem was " electrical " . Defendant claimed to have installed a new wiring harness. Another test of the boat resulted in a breakdown on the water and having to be towed back.

33. At sometime during this sequence of events, the Defendant asked for money on account and although the work was unauthorized was paid $ 2,000.00 he requested. By now, DiPilato the boats' owner was severely depressed. DiPilato, had Frank inquire from Defendant how much a slightly used motor with a warranty would be. Defendant said approximately $ 5,000.00. DiPilato requested the Defendant replace the motor.

34. Defendant Giannone stated that " the boat was almost fixed and that a new motor was not necessary that " it would be less money to keep the existing motor ".

35. Sometime around this point in the sequence of events. Defendant Giannone telephoned and stated that " they had tested the boat ( without Plaintiff or DiPilato, which was supposedly not allowed by law or defendants insurance ) and the boat ran fine except that his workers " spun the propellor " and he had to get a new propellor. Several weeks thereafter, Defendant telephoned and stated to come test and pick up the boat that " it was repaired. " A test ride, once again, revealed that the boat was not fixed and the boat was towed back to the dock.

36. After, four months, Plaintiff and DiPilato *heard* that " Defendant was under investigation by the State Attorney " for operating a " scheme to defraud " and that " defendant had in fact defrauded plaintiffs' neighbor and others in the same fashion he was attempting upon DiPilato.

37. At all times relevant, Defendant Giannone knew or should have known that Plaintiff Frank was not the owner of the boat and not obligated to pay any debt related thereto.

38. Thereafter, DiPilato made arraignments to take her boat ( which did not run ) back from Defendant without entering upon Defendants' property. It was undeniably clear, that Defendant was operating a criminal enterprise and/or was unable to repair the boat despite his *false* representations that he was a qualified marine mechanic.

39. DiPilato spoke to the State Attorneys' office who advised that an initial police investigation needed to be commenced and then it would be forwarded to their office for further investigation. DiPialto contacted the Broward County Sheriff's Office and the matter was assigned incident number PB-10-11-5441. The matter is presently under investigation.

40. Among other wrong doings, the Defendant Giannone improperly held himself out as a skilled craftsmen.

41. Since retrieving [her] boat, DiPilato has had the boat repaired by a reputable marine mechanic.

42. At this point, Defendant Giannone sent a final invoice to Plaintiff demanding payment of in excess of $ 15,000.00 for work that was _never_ performed. Importantly, even had the work been performed, which it was not, Defendant Giannone knowing that a new motor could be obtained for $ 5,000.00 and that the entire value of the boat was less than $ 15,000.00 should have _never_ performed such extensive repairs under these circumstances. A skilled craftsmen would not have done so.

43. The Plaintiff has been the object of consumer debt collection activity by the Defendants, which activity occurred within one year prior to the date of filing this action.

44. In the course of the consumer debt collection activity, each of the Defendants violated one or more provisions of the FDCPA and the FCCPA, including but not limited to the following:

45. Defendant(s) sought to collect an alleged debt from Plaintiff allegedly arising from personal, family, or household purposes and/or created or transformed by the acts and actions of the Defendants when they attempted to collect the debt personally from Kenneth A. Frank a " consumer ". Defendants initiated a lawsuit against Plaintiff in State Court attempting to collect the alleged debt.

46. Defendant(s) knew or should have known that the character, existence, status, and amount of the debt was inaccurate and being misrepresented, and that the State Court lawsuit was being initiated against the wrong person..

47. On or about November 22, 2010 and November 23, 2010, Defendant(s) THE GILLESPIE LAW FIRM, P.A. and JOHN R. GILLESPIE sent the Plaintiff letters which were an attempt to collect a debt *allegedly* owed to Defendant Giannone.

48. The collection letters fail to provide information that it is being sent from a debt collector in violation of 15 U.S.C. section 1692e(11).

49. The collection letters fail to provide information of Plaintiff's right to dispute the debt in violation of 15 U.S.C. section 1692g(a)(3-5).

50. The collection letters failed to provide information that Plaintiff had thirty days to dispute the debt and failed to attach the FDCPA thirty day notice in violation of 15 U.S.C. section 1692(g)(a)(3-5), among other violation(s) of the FDCPA.

51. On or about January 10, 2011, Defendant(s) The Gillespie Law Firm and John R. Gillespie, Esq.- Attorney-Debt Collectors commenced a lawsuit in the County Court in and for Broward County Florida against Plaintiff Frank, " a consumer " whereas they are attempting to collect an *alleged* debt for Defendant Giannone. ( *In re:* David  J. Giannone, Inc. d/b/a Complete Marine v.  Kenneth Frank, Case No.: CONO 11-00204 *assigned* Honorable Judge Jill Levy ). Defendant(s) The Gillespie Law Firm and John R. Gillespie prepared the Notice ( Summons ) in regards to an

- 11 -

alleged debt owed by Plaintiff to Defendant Giannone. A true and correct copy of the aforementioned notice is attached hereto as Exhibit " A ".

52. The notice fails to provide information that it is being sent from a debt collector in violation of 15 U.S.C. section 1692e(11).

53. The notice fails to provide information of Plaintiff's right to dispute the debt in violation of 15 U.S.C. section 1692g(a)(3-5).

54. The notice failed to provide information that Plaintiff had thirty days to dispute the debt and failed to attach the FDCPA thirty day notice in violation of 15 U.S.C. section 1692(g)(a)(3-5).

55. Based upon information and belief, Defendant(s) THE GILLESPIE LAW FIRM, P.A., JOHN R. GILLESPIE, P.A. and JOHN R. GILLESPIE, solicited business in the State of Florida, yet failed to properly register to collect debts in the State of Florida as required by Florida Statutes section 559.553, 559.555.

56. Federal Courts have held that the initiation of lawsuit whose purpose is collection of an alleged debt is debt collection activity and thus governed by the FDCPA. Romea v. Heiberger & Assoc., 988 F. Supp. 715 ( S.D.N.Y. 1998 ).

57. Based upon information and belief, Defendant(s) DAVID J. GIANNONE, INC. d/b/a COMPLETE MARINE, a Florida Corporation and/or DAVOD J. GIANNONE, INC. d/b/a COMPLETE MARINE, a Florida Corporation and/or DAVID J. GIANNONE, *Individually* retained the services of or forwarded the alleged debt to Defendant(s) THE GILLESPIE LAW FIRM, P.A., JOHN R. GILLESPIE, P.A.,, and JOHN R. GILLESPIE for collection.

58. In the State court suit, Defendants' actions, among other things, necessitated Plaintiff to incur thousands of dollars in fees and costs.

59. Defendant(s) THE GILLESPIE LAW FIRM, P.A., JOHN R. GILLESPIE, P.A., and JOHN R. GILLESPIE sent various written correspondences to Plaintiff.

60. The correspondences failed to provide information that it is being sent from a debt collector in violation of 15 U.S.C. section 1692e(11).

61. The correspondences failed to provide information of Plaintiff's right to dispute the debt in violation of 15 U.S.C. section 1692g(a)(3-5).

62. Based upon information and belief, Defendant(s) THE GILLESPIE LAW FIRM, P.A., JOHN R. GILLESPIE, P.A., and JOHN R. GILLESPIE solicited business in the State of Florida, yet failed to properly register to collect debts in the State of Florida as required by Florida Statutes section 559.553, 559.555.

63. Defendant(s) THE GILLESPIE LAW FIRM, P.A., JOHN R. GILLESPIE, P.A., and JOHN R. GILLESPIE operate a business entity known as " THE GILLESPIE LAW FIRM, P.A., JOHN R. GILLESPIE, P.A. " which regularly practices debt collection through collection of debt through litigation and otherwise, for landlords, eviction proceedings, civil litigation, personal injury, contractual lawsuits, automobile liability, bodily injury claims, private construction defects claims, litigation related to residential properties, general liability, among other relevant areas of practice.

- 13 -

64. Upon information and belief, on or about January 10, 2011, Defendant(s) THE GILLESPIE LAW FIRM , P.A., JOHN R. GILLESPIE, P.A., and JOHN R. GILLESPIE filed a lawsuit against Plaintiff, wherein they try to collect an alleged debt of $ 11,404.64 from Plaintiff . A true copy of the State Court lawsuit is annexed hereto as Exhibit " A ".

65. The state court lawsuit seeks, among other things, actual money damages, costs, fees, as well as attorney's fees.

66. Defendant(s) have demanded payment of an *alleged* debt from Plaintiff Kenneth A. Frank by which they: (a) fail to state the correct amount of the debt; (b) fail to state the proper debtor; ( c ) fail to correctly identify the creditor; (d) unlawfully and improperly allege the debt against the wrong party, and (e) among other violations of the FDCPA and FCCPA.

67. In her Answer to the above-mentioned Complaint in State Court, Plaintiff Kenneth A. Frank denied the allegations of the State Court Complaint and requested strict proof thereof. Further, Plaintiff Kenneth A. Frank denied that he owed the debt, denied the existence of the debt, denied the amount of the debt claimed. ( *See,* Kenneth A. Frank - Answer in State Court Case - Annexed Hereto as Exhibit " B " ). Plaintiff has demanded validation of the debt.

68. Despite Plaintiffs' denials that he owed the alleged debt, the existence of the alleged debt and the amount of the alleged debt, the Defendants' continued the unlawful collection of the debt from Plaintiff in violation of both the FDCPA and FCCPA.

- 14 -

69. Defendants knew or should have known that Plaintiff Kenneth A. Frank was not subject to the State Court lawsuit and their collection activity. Nevertheless, Defendants made strenuous efforts to prosecute this case before the County Court of Broward County despite their violations of the FDCPA and FCCPA in doing so, (ii) a lack of jurisdiction of the Court, and (iii) multiple violations of Plaintiff Franks' constitutionally protected rights.

70. As a result, of the Defendants' violations of the FDCPA and FCCPA the Plaintiff Kenneth A. Frank has been damaged in that: (i) he has suffered severe emotional distress, has been damaged in his reputation and otherwise, is subject to payment of a falsely alleged $ 11,404.64 debt, sustained substantial fees, costs of litigation, suffered and continues to suffer severe emotional distress and has been otherwise damaged.

74. The Supreme Court has held that the filing of legal proceedings on behalf of a creditor constitutes debt collection activity. Heintz v. Jenkins, 514 U.S. 291, 293-296. Initiation of a lawsuit in State Court seeking recovery of a " debt " is " initial communication " within the meaning of the FDCPA. Goldman v. Cohen, 445 F. 3d 152 (2006).

75. A Summons and Complaint devoid of any warnings and notices required by 15 U.S.C. section 1692g is an initial communication for the purposes of the FDCPA. Sanz v. Fernandez, ( U.S.D.F.L. )(2009 ), 633 F. Supp. 2d 1356. ( U.S.D.J. COHN ); Goldman v. Cohen, 445 F. 3d 152 (2006).

76. Defendant(s) THE GILLESPIE LAW FIRM, P.A., JOHN R. GILLESPIE, P.A., and JOHN R. GILLESPIE, sent Plaintiff a summons and complaint which was devoid of the warnings and notices required by 15 U.S.C. section 1692g and in violation of the FDCPA.

77. Federal Law supercedes Stale Law.

78. Throughout these proceedings and continually during the collection of the unlawful debt, Defendant(s) have engaged in conduct whose natural consequence is to continue to threaten, harass, oppress, annoy, inflict distress, abuse and otherwise harm Plaintiff Kenneth A. Frank in the collection of debt; through emails, letters, telephone messages and otherwise, related to the collection of this falsely alleged debt, threatened future actions, and alleged debts.

79. The State Court lawsuit, the threats, statements and correspondences of Defendant(s) is conduct whose natural consequence is to harass, oppress, annoy, alarm and abuse Plaintiff Kenneth A. Frank in connection with the collection of this alleged debt in violation of 15 USC section 1692d.

80. The State Court lawsuit, the threats, statements and correspondences of Defendant(s) were in violation of 15 USC section 1692e as follows:

     (5)  The threat to take action that cannot legally be taken, and

     (10) using false representations and deceptive means to collect or attempt to collect the alleged debt.

81. Defendant(s) have been advised and notified that Plaintiff Kenneth Frank does not own the boat which the alleged marine repairs were performed and that they are attempting to collect the alleged " debt " from the wrong party. However, they knowingly, wantonly, maliciously, illegally, unlawfully and otherwise improperly are pursuing Plaintiff Kenneth A. Frank, Individually, for a debt that they know [he] is not obligated to pay.

82. In the State Court lawsuit, documents and correspondence, and at all times relevant hereto, the Defendants' falsely misrepresented the amount of the debt sought to be collected, thus violating 15 USC section 1692e and 1692f.

83. Upon information and belief, at all times relevant hereto, Defendant(s) misrepresented the name of the current creditor, thus violating 15 USC section 1692e and section 1692f.

84. All Defendants have failed to comply with the provisions of 15 USC section 1692g. More particularly, they have never validated the debt.

85. Defendant's acts as described herein were done intentionally, with the purpose of coercing Plaintiff to pay the alleged debt.

86. Since the issuance of the improper, the initiation of State Court Proceedings against Plaintiff Kenneth A. Frank and through these entire proceedings, Plaintiff Kenneth A. Frank has suffered anxiety, emotional distress, inconvenience, and has been damaged in his reputation.

87. Plaintiff Frank has suffered irreparable damage as a result of the acts and actions of these defendants.

- 17 -

## COUNT I

## FAILURE TO ACCURATELY DISCLOSE PLAINTIFF'S RIGHTS IN VIOLATION OF 15 U.S.C. section 1692g(a)(3-5)

88. Plaintiff incorporates Paragraphs 1 through 87 as if fully set forth again herein at length.

89. All Defendants failed to notify Plaintiff of the following: that he must dispute the alleged debt in writing within 30 days of his receipt thereof or Defendant will assume the alleged debt is valid in violation of 15 U.S.C. section 1692g(a)(3); a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector valid in violation of 15 U.S.C. section 1692g(a)(4); and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor in violation of 15 U.S.C. section 1692g(a)(5).

90. **WHEREFORE,** Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

       a. Damages;

       b. Attorney's fees ( if any ), litigation expenses and costs of suit, and

       c. Such other and further relief as to this Court deems just and proper.

- 18 -

## COUNT II

## FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR IN VIOLATION OF 15 U.S.C. section 1692e(11)

91. Plaintiff incorporates Paragraphs 1 through 90 as if fully set forth again herein at length.

92. All Defendants, in their various correspondences with Plaintiff, failed to disclose their status as " debt collectors " in violation of 15 U.S.C. section 1692e(11).

93. *WHEREFORE,* Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

> a. Damages;
>
> b. Attorney's fees ( if any ), litigation expenses and costs of the instant lawsuit, and
>
> c. Such other and further relief as the Court deems just and proper.

## COUNT III

## FAILURE TO REGISTER DEBT COLLECTION LICENSE IN VIOLATION OF 15 U.S.C. section 1692e

94. Plaintiff incorporates Paragraphs 1 through 93 as if fully set forth again herein at length.

- 19 -

95. All Defendants solicited business in the State of Florida yet failed to properly register to collect debts in the State of Florida, as required by Florida Statutes section(s) 559.553, 559.555 and thus violated 15 U.S.C. section 1692e(5) and 15 U.S.C. section 1692e(10).

96. **WHEREFORE,** Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

> a. Damages;
>
> b. Attorney's fees ( if any ), litigation expenses and costs of the instant lawsuit, and
>
> c. Such other and further relief as the Court deems just and proper.

## COUNT IV

### ISSUING COMMUNICATIONS AND LAWSUITS IN VIOLATION OF 15 U.S.C. section 1692, *et. seq.*

97. Plaintiff incorporates Paragraphs 1 through 96 as if fully set forth again herein at length.

98. Defendant(s) THE GILLESPIE LAW FIRM, P.A., JOHN R. GILLESPIE, P.A., and JOHN R. GILLESPIE, ESQ. issued correspondences, notices to Plaintiff, and initiated a lawsuit in state court against Plaintiff seeking payment of an *alleged* " debt " in violation of 15 U.S.C. section 1692, *et. seq.*

99.  **WHEREFORE,** Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees ( if any ), litigation expenses and costs of the instant lawsuit, and

    c.  Such other and further relief as the Court deems just and proper.

## COUNT V

## HARASSMENT AND ABUSE IN VIOLATION OF 15 U.S.C. section 1692d

100. Plaintiff incorporates Paragraphs 1 through 99 as if fully set forth again herein at length.

101. All Defendants have engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

102.  Without limiting the conduct of Defendant(s) which was to harass, oppress or abuse Plaintiff in violation of 15 U.S.C. section 1692d the Defendants committed the following:

    A.  Knowingly initiating an action in County Court to collect an alleged debt, which debt is not subject to the jurisdiction of said court and the Defendant Kenneth Frank is the wrong person and does not owe the " debt ";

B.   Knowingly initiating a lawsuit to collect an alleged debt when no debt is due;

C.   Attempting to collect upon an illegal, unlawful, or otherwise improper debt;

D.   Using and/or threatening of use of means to harm the reputation, of Plaintiff;

E.   Knowingly using improper means to collect an alleged debt, and

F.   Among other things.

103.   ***WHEREFORE,*** Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

  a. Damages;

  b. Attorney's fees ( if any ), litigation expenses and costs of the instant lawsuit, and

  c.   Such other and further relief as the Court deems just and proper.

## COUNT VI

### FALSE AND MISLEADING REPRESENTATIONS IN VIOLATION OF 15 U.S.C. section 1692e

104.  Plaintiff incorporates Paragraphs 1 through 103 as if fully set forth again herein at length.

105.  All Defendant(s) have engaged in specifically but not limited to the following conduct in violation of 15 U.S.C. section 1692e: (i) falsely representing the character, amount, or legal status of the alleged debt; (ii) representing or implicating that the nonpayment of the debt will

result in the seizure, garnishment, attachment or sale of any property or wages of the Plaintiff; (iii) the false representation or implication that the consumer-plaintiff committed any crime or other conduct in order to disgrace the consumer-plaintiff; (iv) the failure to disclose in the initial communication with Plaintiff and, in addition, if the initial communication was oral, that the debt collector was attempting to collect an alleged debt, and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication was from a debt collector, and (vi) among other violations.

106. ***WHEREFORE,*** Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

      a. Damages;

      b. Attorney's fees ( if any ), litigation expenses and costs of the instant lawsuit, and

      c. Such other and further relief as the Court deems just and proper.

## COUNT VII

### UNFAIR PRACTICES IN VIOLATION OF 15 U.S.C. section 1692f

107. Plaintiff incorporates Paragraphs 1 through 106 as if fully set forth again herein at length.

108. All Defendant(s) have used unfair and unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. section 1692f.

- 23 -

109. Without limiting the conduct of Defendant(s) which violates 15 U.S.C. section 1692f the Defendant(s) committed the following conduct: (i) the collection of an amount of the alleged debt ( including any interest, fee, charge, or express incidental to the principal obligation ) unless such amount is expressly authorized by the agreement creating the alleged debt or permitted by law; (ii) there is no present right to possession of the property claimed as collateral through an enforceable security agreement; (iii) the property is exempt by law from such dispossession or disablement, and (iv) among other things.

110. **WHEREFORE,** Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees ( if any ), litigation expenses and costs of the instant lawsuit, and

    c. Such other and further relief as the Court deems just and proper.

## COUNT VIII

### DEFENDANT HAS COMMENCED LEGAL ACTION IN VIOLATION OF 15 U.S.C. section 1692i

111. Plaintiff incorporates Paragraphs 1 through 110 as if fully set forth again herein at length.

112. Defendant(s) commenced legal action in the County Court in violation of 15 U.S.C. section 1692i.

- 24 -

113. **WHEREFORE,** Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

      a. Damages;

      b. Attorney's fees ( if any ), litigation expenses and costs of the instant lawsuit, and

      c. Such other and further relief as the Court deems just and proper.

## COUNT IX

## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

114. Plaintiff incorporates Paragraphs 1 through 113 as if fully set forth again herein at length.

115. One of the purposes of the FDCPA is to prevent debt collectors from dunning the wrong person.

116. Defendants' in sending collection letters, filing and issuing a ' Notice ', filing a lawsuit and serving it on Plaintiff Kenneth A. Frank and in associating Plaintiff in its filings, despite knowledge that Plaintiff Kenneth A. Frank did not allegedly incur the debt, have falsely represented the character and amount of the alleged debt, in violation of the FDCPA at 15 USC section 1692e(2)(A), and have used deceptive means to attempt to collect a debt, in violation of the FDCPA at 15 USC section 1692e(10).

- 25 -

117. Another purpose of the FDCPA is to protect even unsophisticated consumers.

118. Sending collection letters and the filing of a 'lawsuit ' under the circumstances that Defendants did so, is unconscionable and unfair means of collecting an alleged debt, in violation of the FDCPA at 15 USC section 1692f; a deceptive representation in connection with collection of an alleged debt, in violation of 15 USC section 1692e; a false representation of the character and legal status of the alleged debt, in violation of the FDCPA at 15 USC section 1692e(2)(A); and a deceptive means to attempt to collect a debt, in violation of the FDCPA at 15 USC section 1692e(10).

118. In the alternative to the claim made in paragraph   herein above, if payments were indeed made and offset against the alleged debt in question, then the amount claimed by Defendants' lawsuit Complaint was not, after all, " due owing, and unpaid ".

119. Defendants' allegations that a $ 11,406.64 debt was owed would therefore be a deceptive representation in connection with collection of an alleged debt, in violation of 15 USC section 1692e, a false representation of the character and legal status of the alleged debt, in violation of the FDCPA at 15 USC section 1692e(2)(A), and deceptive means to attempt to collect a debt, in violation of the FDCPA at 15 USC section 1692e(10).

120. As a result of Defendants' actions, Plaintiff has suffered and continues to suffer anxiety, emotional distress, inconvenience and damage to his reputation.

121. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 USC section 1692k(a)(1) from each; statutory damages in an amount up to $

- 26-

1,000.00 pursuant to 15 USC section 1692k(a)(2)(A) from each; and, reasonable attorney's fees and costs pursuant to 15 USC section 1692k(a)(3) from each.

## COUNT X

## CLAIM FOR VIOLATIONS OF THE FDCPA

122. Plaintiff incorporates Paragraphs 1 through 121 as if fully set forth again herein at length.

123. As a result of violating the FDCPA, all defendants are liable to the plaintiff for statutory damages of $ 1,000.00 per defendant, together with actual damages, costs, and attorneys fees ( if any ), all as provided in 15 USC section 1692k.

## COUNT XI

## DEFENDANTS(S) VIOLATED THE FCCPA

124. Plaintiff incorporates Paragraphs 1 through 123 as if fully set forth again herein at length.

125. Defendants violated the FCCPA. Defendants' violations of the FCCPA include, but are not limited to, the following:

(i) F.S. section 559.72(7), which prohibits debt collectors from engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

- 27 -

(ii) F.S. section 559.552, which makes any violation of the FDCPA a violation of the FCCPA.

(iii) F.S. section 559.715 which requires that the Plaintiff be notified of the assignment of the debt within thirty days of the its assignment.

(iv) 15 USC section 1692d, which prohibits the use of harassment and abuse in connection with the collection of a debt.

(v) 15 USC section 1692e, which prohibits the use of false or misleading representations in connection with the collection of a debt.

(vi) 15 USC section 1692f, which prohibits the use of unfair and unconscionable means to collect a debt.

126. Defendants' acts described herein were done intentionally, with the purpose of abusing, annoying, harming, harassing, oppressing, alarming, and coercing Plaintiff to pay the alleged debt.

127. As a result of the above violations of the FCCPA, defendants are liable to Plaintiff for injunctive and declaratory relief, actual damages, statutory damages, punitive damages, and attorney's fees and costs.

## COUNT XII

## DEFENDANT(S) CONSPIRED TO CREATE CONSUMER DEBT

128. Plaintiff incorporates Paragraphs 1 through 127 as if fully set forth again herein at length.

- 28 -

129. Defendants, from an unknown date but at least from July, 2010, in Broward County in the Southern District of Florida, did willfully, knowingly, intentionally, and otherwise improperly and unlawfully conspire and agree with each other and with other persons both known and unknown to the Plaintiff at this time, to create and establish consumer debts, where eventual violations of the provisions of the FDCPA and FCCPA in connection with collecting such debts were reasonably foreseeable.

130. As a result thereof, Defendants are liable to the Plaintiff for actual damages, statutory damages or $ 1,000.00 per defendant under the FDCPA, statutory damages per defendant under the FCCPA, and punitive damages pursuant to the FCCPA, together with attorney's fees and costs.

131. **WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A. Declaratory judgment that defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the defendants' violations of the FCCPA;

    B. Actual Damages;

    C. Statutory damages pursuant to 15 USC section 1692k;

    D. Statutory damages pursuant to F.S. section 559.77;

    E. Costs and reasonable attorney's fees pursuant to 15 USC section 1692k and F.S. section 559.77;

    F. For such other and further relief as may be just and proper.

## COUNT XIII

## VIOLATIONS OF FCCPA

132.  Plaintiff incorporates Paragraphs 1 through 131 as if fully set forth again herein at length.

133. Section 559.552 of the FCCPA reads as follows:

> **Relationship of State and Federal law. – nothing in this part shall be construed to limit or restrict the continued applicability of the Federal Fair Debt Collection Practices Act to Consumer Collection Practices in this state. This part is in addition to the requirements and regulations of the Federal Act. In the event of any inconsistency between the provision of this part and the provision of the Federal Act, the provision which is more protective of the consumer or debtor shall prevail.**

134. Section 559.72(9), Fla. Stat., provides that in collecting consumer debts in the state of Florida, " no person shall "; (9) claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such persons knows that the right does not exist......"

135. The above provision of the FCCPA is in conflict with several provisions of the FDCPA, as follow:

a. 15 USC section 1692e(2)(A) which provides that it is a violation of the FDCPA to falsely represent " the character, amount, or legal status of any debt .... "

- 30 -

b. 15 USC section 1692e (10) which prohibits " The use of any false representation or deceptive means to collect or attempt to collect any debt ....."

c. 15 USC section 1692(f)(1), which prohibits " the collection of any amount ( including any interest, fee, charge, or expense incidental to the principle obligation ) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. "

136. None of the above provisions of the FDCPA require the element of knowledge contained in section 559.72(9), Fla. Stat.

137. Because parallel provisions of the FDCPA as noted above do not require scienter, and because the FDCPA is a strict liability statute, Ferguson v. Credit Mgmt. Control, Inc., 140 F. Supp. 2d 1293, 1297 ( M.D. Fla. 2001 ), the prohibition of the FDCPA against misstating the amount, irrespective of knowledge or willfulness, must control. Accordingly, all defendants have violated the FCCPA by violating the above-noted provisions of the FDCPA.

138. As a result of violating the FCCPA, all defendants are liable to the plaintiff for statutory damages of $ 1,000.00 per defendant, together with actual damages, costs, and attorneys fees, all as provided at section 559.77, Fla. Stat.

139. The FCCPA, at section 559.77(2), Fla. Stat., provides for the imposition of punitive damages against offending parties within the discretion of the Court, and such damages may be claimed by the plaintiff now. Cohen v. Office Depot, 184 F. 3d 1292 ( 11th. Cir. 1999 ); reaffirmed, Cohen v. Office Depot, 204 F. 3d 1069 ( 11th. Cir. 2000 ). The Plaintiff accordingly

requests that the Court exercise such discretion and impose punitive damages on the defendants herein upon the showing of abuse and harassment of the plaintiff through various violations of both the FDCPA and the FCCPA and other violations of law.

140. **WHEREFORE,** plaintiff demands judgment against the defendants, as indicated above, for the following:

      a. Actual and statutory damages pursuant to 15 USC section 1692(k);

      b. Actual and statutory damages pursuant to section 559.77, Fla. Stat.;

      c. Punitive damages pursuant to section 559.77(2);

      d. Costs and attorneys' fees (if any ) pursuant to both 15 USC section 1692 and section 559.77(2), Fla. Stat.;

      e. Such other and further relief as the Court may deem to be just and proper.

      f. Plaintiff demands trial by jury in this action.

## COUNT - XIV ( FRAUD )

**AGAINST DEFENDANT(S) DAVID J. GIANNONE, INC., d/b/a COMPLETE MARINE, DAVOD J. GIANNONE, INC., d/b/a COMPLETE MARINE, and DAVID J. GIANNONE, *Individually.***

141. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 140 above with the same force and effect as if fully set forth herein.

- 32 -

142. Plaintiff Kenneth A. Frank sues Defendant(s) David J. Giannone, Inc., d/b/a Complete Marine, Davod J. Giannone, Inc., d/b/a Complete Marine and David J. Giannone and alleges:

143. This is a claim for Fraud.

144. Defendants have made false representations and warranties to plaintiff including but not limited to the following: (1) that they repaired the 1998 Sea Era boat that is the subject of this litigation; (2) that Defendants replaced parts and did work that was _never_ done; (3) knowingly, wantonly, deceptively, illegally, unlawfully, and otherwise properly falsified a bill for parts and services that were never rendered; (3) knowingly, wantonly, deceptively, illegally, unlawfully and otherwise improperly claiming that the vessel needed repairs that were not necessary; (4) falsification and filing of a fictitious name certificate with the Florida Department of State; (5) that the defendants would act in a satisfactory and workman like manner; (6) that the defendants were skilled in their trade; (7) that the defendants were qualified marine mechanics; (8) that the defendants had extensive years of experience in marine repair; (9) that the defendants had the knowledge and skill required to make repairs to the vessel; (10) knowingly, wantonly, deceptively, illegally, unlawfully and otherwise improperly unnecessarily  replaced parts and services;(11) falsely advertised there experience, credibility and intentions; (12) that they could repair the vessel, and among other improper, fraudulent and unlawful acts.

145. At all relevant times, the Defendant(s) gained an advantage to Plaintiffs detriment through deceitful and unfair means.

146. That the Defendants conduct is inconsistent with fair dealing and good conscience.

- 33 -

147. Defendants knowingly, wantonly, and willfully made false representations to Plaintiffs.

148. That the false representations complained of herein and made by Defendants to Plaintiff were made with full knowledge and belief that said representations were false.

149. At all times relevant, the Defendants made false representations to Plaintiffs to induce Plaintiff to act upon them.

150. Said false representations were made to induce plaintiff to act and pay for parts and services that were not necessary, required and not tendered , *inter alia*, and plaintiff relied upon said representations in doing so.

151. Plaintiffs justifiably relied upon Defendants representations and warranties.

152. Plaintiffs relied upon Defendants false representations and warranties to their detriment.

153. Plaintiff has been damaged as a direct and proximate results of the foregoing fraud, including but not limited to, suffering an economic loss, lost reputation, plaintiff has been disparaged, suffering severe emotional distress, among other things.

154. ***WHEREFORE***, Plaintiff Kenneth A. Frank requests judgment as against Defendant(s) David J. Giannone, Inc., d/b/a Complete Marine, Davod J. Giannone, Inc., d/b/a Complete Marine and David J. Giannone for damages as follows: (a) in an amount to be determined at trial, but in no event less than One Million ( $ 1,000,000.00 ) Dollars;; (b) punitive damages, (c) together with costs of suit, and (d) such other and further relief as to this Court deems just and proper.

## COUNT XV - DECEPTIVE TRADE PRACTICES

## AGAINST DEFENDANT(S) DAVID J. GIANNONE, INC., d/b/a COMPLETE MARINE, DAVOD J. GIANNONE, INC., d/b/a COMPLETE MARINE, and DAVID J. GIANNONE, *Individually.*

## Deceptive and Unfair Trade Practices Act
### [ Fla. Stat. *Sec. 501.201, et seq.* ]

155. Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs 1 through 154 inclusive with the same force and effect as if hereinafter set forth at length.

156. Plaintiff brings this cause of Action against Defendant(s) David J. Giannone, Inc, d/b/a Complete Marine, Davod J. Giannone, Inc., d/b/a Complete Marine, and David J. Giannone because their conduct as described herein constitutes " [u]nconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of trade and commerce as defined in Section 501.204 of the Florida Statutes. This Court has the authority, pursuant to Section 501.211 of the Florida Statutes " to enjoin a person who has violated, is violating, or is otherwise likely to violate " the Unfair Trade Practices Act, and to award damages, attorney's fees and costs to the damaged plaintiffs.

157. Accordingly, plaintiffs, request that Defendant(s) David J. Giannone, Inc., d/b/a Complete Marine, Davod J. Giannone, Inc., d/b/a Complete Marine and David J. Giannone be enjoined from wrongfully, unlawfully, unfairly, illegally, deceptively and otherwise improperly operating a marine repair and service Business until the disposition of this Action.

Plaintiff further seeks: A temporary, preliminary and/or permanent order providing for equitable and injunctive relief:

(a) enjoining the Defendant(s) David J. Giannone, Inc., d/b/a Complete Marine, Davod J. Giannone, Inc., d/b/a Complete Marine from pursuing the policies, acts and practices complained of herein, and/or

(b) enjoining the above-described wrongful acts and practices of the Defendant(s) David J. Giannone, Inc., d/b/a Complete Marine, Davod J. Giannone, d/b/a Complete Marine and David J. Giannone including but not limited to; commencing collection action and lawsuits against Plaintiff, (b) operation of a marine repair and service business, (c) in any way harassing the plaintiff, (d) from taking any further action to collect the alleged debt from plaintiff, (e) from any form of prosecution of plaintiff, and an Order requiring disgorgment and/or imposing a trust upon Defendant's ill-gotten monies and freezing Defendants' assets and requiring Defendants to pay restitution to Plaintiffs for all practices declared by this Court to be unlawful, fraudulent or unfair business acts or practices, a violation of laws, statutes or regulations.

158. The unconscionable acts, misrepresentations, deceptive acts and practices concealment, fraudulent acts and practices, *inter alia* of Defendant(s) David J. Giannone, Inc., d/b/a Complete Marine, Davod J. Giannone, Inc., d/b/a Complete Marine and David J. Giannone constitutes on going business practices which were and are unfair, illegal, deceptive, fraudulent and otherwise improper business practices within the meaning of Florida Statute section 501.201, *et seq.* These

acts and practices are likely to deceive, and have deceived, members of the general public, as well as Plaintiffs herein. The Defendants have unclean hands and may not avail themselves of any statute of limitations, having consciously acted to deceive consumers.

159. As a result of such unfair business acts and practices, Plaintiffs have suffered damages and injury as alleged herein above, and accordingly are entitled to recovery, refund, restitution, and disgorgment by Defendants of all earnings, profits, compensation, and other benefits obtained by Defendants as a result of their unfair business practices, pursuant to Florida Statutes section 501.201, *et seq.*

## COUNT - XVI

### VIOLATION OF CIVIL REMEDIES FOR CRIMINAL PRACTICES ACT
### [ Fla. Stat. *Sec.* 772, *et. Seq.* ]

### FLORIDA CIVIL RICO

### AGAINST DEFENDANT(S) DAVID J. GIANNONE, INC., d/b/a COMPLETE MARINE, DAVOD J. GIANNONE, INC., d/b/a COMPLETE MARINE, and DAVID J. GIANNONE, *Individually.*

160. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 159 herein inclusive with the same force and effect as if set forth again at length.

161. Plaintiff Kenneth A. Frank sues Defendant(s) David J. Giannone, Inc., d/b/a Complete Marine, Davod J. Giannone, Inc., d/b/a Complete Marine and David J. Giannone  and alleges:

162. This is a cause of action against Defendant(s) for violation(s) of Florida RICO, pursuant to 772.103, Fla.-Stat., and 772.104, Fla. Stat.

163. In violation of Fla. Stat. 772.103 - 772.104, Defendant(s) David J. Giannone, Inc., d/b/a Complete Marine, Davod J. Giannone, Inc., d/b/a Complete Marine and David J. Giannone , with criminal intent, obtained and/or received proceeds directly or indirectly from a pattern of criminal activity, or through the collection of unlawful debt to use or invest, directly or indirectly, any part of said proceeds, or the proceeds derived from the investment or use thereof, in the acquisition of any title to, or any right, interest or equity in real property or in the establishment or operation of an enterprise.

164. In violation of Fla. Stat. 772.103 - 772.104, Defendant(s) David J. Giannone, Inc., d/b/a Complete Marine, Davod J. Giannone, Inc., d/b/a Complete Marine and David J. Giannaone, through a pattern of criminal activity set forth herein, or through the collection of an unlawful debt, acquired or maintained, directly or indirectly, interest in or control of an enterprise(s), or real property, including but not limited to the Business owned and operated by Defendant(s) David J. Giannone, Inc., d/b/a Complete Marine, Davod J. Giannone, Inc., d/b/a Complete Marine and David J. Giannone, which corporate entities the individual Defendant David J. Giannone owns, operates, manages or otherwise controls.

165. In violation of Fla. Stat. 772.103 - 772.104, Defendant David J. Giannone was/is associated with and/or employed by an enterprise, including but not limited to the Defendant corporate entities David J. Giannone, Inc., d/b/a Complete Marine and Davod J.

Giannone, Inc., d/b/a Complete Marine to conduct or participate, directly or indirectly, in such enterprise, through the pattern of criminal activity, or through the collection of an unlawful debt, as set forth herein.

166. In violation of Fla. Stat. 772.103, the Defendant Companies, at the direction or with the knowledge of its officers, directors and managing agents, specifically, but not limited to David J. Giannone, intended to injure, defraud, and/or deceive Plaintiff(s) by (a) scheming to defraud plaintiff; (b) providing  misleading information; (c) filing fraudulent fictitious name registrations with governmental agencies; (d) numerous wire frauds across state lines;(e) tax evasion, (e) theft and extortion of plaintiffs' monies and properties; (f) advertising that they were qualified in marine repairs and service when they are not; (g) falsely claiming that they made repairs to the vessel that were not required nor ever performed; (h) falsely claiming they installed parts on the vessel that were not necessary and never installed; (i) misleading plaintiff as to what repairs and service were required; (j) falsely representing that repairs were made that were not; (k) failing to conduct themselves in a professional and skilled workmanlike manner; (l) defrauding plaintiffs; (m) willfully and intentionally deceiving and defrauding plaintiff and others;(n) and as otherwise complained of herein.

167. In violation of Florida Stat.772.102, *et. seq.,* the Defendant(s) David J. Giannone, Inc., d/b/a Complete Marine, Davod J. Giannone, Inc., d/b/a Complete Marine and David J. Giannone with knowledge and intent committed and conspired to commit violation(s) of 18 *USC section* 1961.

168. In violation of Fla. Stat. 784, 812, 817, 836.05 and 843 the Defendant(s) David J. Giannone, Inc., d/b/a Complete Marine, Davod J. Giannone, Inc., d/b/a Complete Marine and David J. Giannone knowingly obtained property and/or monies of Plaintiffs' with the intent to deprive Plaintiff of their right and/or benefit of their property and/or monies.

## -RICO BACKGROUND -

169. For years through the filing of this Complaint, Defendant David J. Giannone ( individually referred to by name and collectively referred to as the " Ringleader " ) presided and preside over an expanding organization that; (a) has committed various forms of tax fraud on a daily basis ( literally thousands of acts ) upon plaintiffs' and others; (b) a vast scheme to defraud plaintiff and others; ( c ) that acts in a fashion related to racketeering; (d) whose acts and actions are related to interference with commerce, robbery and extortion; (e) whose acts and actions in engaging in monetary transaction in property derived from specific unlawful activity; (f) extortion; (g) wire fraud; (h) fraud related to the filing of false identification documents; (i) mail fraud, and (n) among other things – activity that continues unabated to this day.

170. In essence, Defendant Giannone has implemented a massive scheme to defraud in which he ensnared Plaintiff and the general public.

171. The Defendant Companies that the " Ringleader " ( Giannone ) created and control are part of a well-organized illegal enterprise that engages in systematic and pervasive fraudulent practices that distinguishes them from legitimate entities ( " Businesses " ). On information and

- 40 -

belief, the components of that enterprise follow practices that constitute a racketeering scheme dictated by the " Ringleaders " including, but not limited to:

- Unlike legitimate companies failing to pay sales taxes, income taxes, etc.;

- Unlike legitimate companies collecting withholding taxes from the employees, using said tax monies for their own personal gain and furtherance of the criminal enterprise and refusing to pay said taxes monies to the appropriate governmental entities;

- Unlike legitimate companies falsely advertising that they are skilled and qualified marine mechanics when they are not;

- Unlike legitimate companies entering into contracts with the intent to defraud;

- Unlike legitimate companies amassing millions of dollars in debt without intention to pay;

- Unlike legitimate companies committing wire frauds;

- Unlike legitimate companies filing false identification documents with governmental agencies;

- Unlike legitimate companies deceiving the public and plaintiff in claiming that they provided parts and service to vessels that were not provided;

- Unlike legitimate companies willfully depleting the assets of their corporations;

- Unlike legitimate companies falsely billing its clients ( including but not limited to plaintiff ) for installation of parts and service that was not necessary and/or not performed;

- Unlike legitimate companies interfering with commerce;

- Unlike legitimate companies engaging in monetary transactions in property derived from specified unlawful activity, including but not limited to; the massive scheme to defraud and unlawful operation of the business Said proceeds were used to purchase the subject premises and further the criminal enterprise;

- Unlike legitimate companies engaging in extortion and robbery;

- Unlike legitimate companies the defendants routinely operate the enterprise without licenses;

- Unlike legitimate companies falsely diagnosing and creating mechanical problems that were non-existent;

- Unlike legitimate companies conducting racketeering activity on a daily basis.

172. Defendant David J. Giannone, personally and through their *vast* criminal enterprise, including but not limited to the Defendant companies herein, i.e., David J. Giannone, Inc., d/b/a Complete Marine, Davod J. Giannone, Inc., d/b/a Complete Marine , engaged in an enterprise, an ongoing organization, formal or informal, that functions both as a continuing unit and has a common purpose of engaging in a course of conduct and a pattern of criminal activity designed to, among other things, defraud Plaintiff, deprive plaintiff of money, among other things.

173. Defendant David J. Giannone and others came to a mutual understanding to try to accomplish a common and unlawful plan, specifically a pattern of criminal activity designed to, among other things, defraud plaintiff, deprive plaintiff of money and property, *inter alia.*

174. Each of them---- Giannone, David J. Giannone, Inc., d/b/a Complete Marine and Davod J. Giannone, Inc., d/b/a Complete Marine and others ---- knowingly and willfully became a member of such conspiracy.

175. At the time David J. Giannone and each of the others joined such conspiracy, he or she did so with the specific intent either to personally engage in at least two (2) incidents of racketeering, as alleged herein, or he or she specifically intended to otherwise participate in the affairs of the " enterprise " with the knowledge and intent that other members of the conspiracy

would engage in at least two (2) incidents of racketeering, as alleged herein, as part of a " pattern of racketeering activity ".

176. DAVID J. GIANNONE, and others intentionally participated in the scheme and criminal enterprise by engaging in the unlawful racketeering conduct as complained of herein.

177. DAVID J. GIANNONE, along with the two (2) company Defendant(s) David J. Giannone, Inc., d/b/a Complete Marine and Davod J. Giannone, Inc., d/b/a Complete Marine , which entities and others are owned, managed, operated and otherwise controlled by the individual Defendant David J. Giannone and others , acted as a part of the vast criminal enterprise and, are the parties and entities that committed the criminal and fraudulent conduct against Plaintiff and others that is in violation of law and complained of herein.

178. The Defendant(s) routinely defraud Plaintiff and others through the operation of the marine repair, sales and service enterprise, fail to pay taxes, and pay sales tax monies to them through the corporate entities which tax monies the Defendant(s) refuse to tender to the various governmental agencies. Defendants withhold said monies for their own personal use and furtherance of the criminal enterprise.

179. Alternatively, the Defendant(s) will induce victims, such as Plaintiff and others to enter into " Agreements " under the false pretenses that they will skillfully repair their vessel. These Defendant(s) have no intention of ever repairing the vessel.

180. In these and numerous other ways, Defendant(s) personally and through the massive enterprise sought to deceive, defraud, extort and rob the Plaintiff and others and have deceived and defrauded the Plaintiff, government and the Citizens.

181. Every aspect of the Defendants massive scheme and criminal enterprise is motivated by money and greed, without regard to the grave harm inflicted upon Plaintiff and the public at large.

182. These acts related to fraud and related activity in connection with identification documents is violate of Florida's RICO statutes.

183. This aforesaid conduct complained of in paragraphs 1 through 182 constitutes a  complex part of the Defendants scheme to defraud Plaintiff, extortion, and wire fraud in violation of Florida's RICO statutes.

184. Defendants have continuously made false representations to Plaintiffs of the most material nature.

185. Defendant(s) have made false representations and warranties to plaintiffs, including but not limited to those complained of herein.

186. Defendants have defrauded Plaintiff through fraudulent acts and actions, including, but not limited to those complained of herein.

- 44 -

187. Defendant(s) have used these and other fraudulent schemes to illegally obtain monies from plaintiff and others.

188. Defendants have committed these frauds and others through the use of interstate wires and mail, among other things.

189. That Defendants transmitted emails and telephone conversations across State lines which were fraudulent in that they falsely confirmed defendants intentions and the illegitimate running of defendants' enterprise. Said statements, acts and actions were at all times knowingly false and fraudulent to Defendants.

190. As a part of the ongoing " racketeering activity ", and for the purposes of executing the scheme and artifice to defraud Plaintiffs, as described herein. Defendant(s) caused numerous, substantial and ongoing incidents of wire fraud, tax fraud, fraud, extortion, mail fraud, fraud in connection with identification documents, relating to interference with commerce, related to racketeering, and engaging in monetary transactions in property derived from specified unlawful activity, and larceny, among other things.

191. Plaintiff's reliance upon Defendant David J. Giannone and the Defendant companies David J. Giannone, Inc, d/b/a Complete Marine and Davod J. Giannone, Inc., d/b/a Complete Marine's false representations have consequently and proximately caused injury and damages to Plaintiff.

192. Plaintiffs have been injured as follows: (1) financially; (2) loss of money or property; (3) damage to plaintiffs reputation and credit rating; (4) Plaintiff Frank has suffered serious emotional distress, and (5) among other things.

193. ALL, through a pattern of criminal activity acquired or maintained, directly or indirectly, an interest in or control of the enterprise in violation of 772.103(2), Fla. Stat. Defendant(s) David J. Giannone, Inc., d/b/a Complete Marine, Davod J. Giannone, Inc., d/b/a Complete Marine and David J. Giannone and - the others - were employed by, or associated with, the enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of criminal activity in violation of 772.103(3)., Fla.-Stat.

194. Defendant(s)  , and the others conspired or endeavored to violate any of the provisions of 772.103(1),(2),(3) and (4), Fla.- Stat.

195.The duration, scope and nature of Defendants' illegal conduct brings this case well within the realm of criminal conduct to which the RICO statute applies. The Defendants did not engage in specific acts of fraud - although that would be troubling enough - they adopted a fraudulent blueprint as their business plan. Every facet of Defendants' operation is carried out for the purpose of committing fraud.

196. The activities, in violation of Fla. Stat. *Sec.* 772, *et seq.,* and 562, 784, 812, 815, 817, 836.05 and 843, *inter alia* ( and as complained of herein ), undertaken by Defendant(s), shows that they unlawfully, willfully and knowingly combined, confederated, conspired and agreed to participate, as principals or aiders and abettors, in the commission of said violations.

- 46 -

197. The activities, in violation of Fla. Stat. 772.103 - 772.104, undertaken by Defendant(s), shows that they unlawfully, willfully and knowingly combined, confederated, conspired and agreed to participate, as principals or as aiders and abettors, in the commission of said violations.

198. Plaintiffs have made written demand upon Defendant(s), for recovery of these monies pursuant to Fla. Stat. 772.11 and Defendant(s), have not complied with such demand within thirty (30) days of receipt thereof.

199. Plaintiff has incurred fees and costs in bringing this action, and Plaintiff is entitled to an award of fees, together with pre-judgment interest, and court costs.

200. Pursuant to Fla. Stat. 772-104, Plaintiffs is entitled to recover fees and costs, incurred in this action, through trial and appellate courts.

201. Pursuant to Fla. Stat. 772.11, Plaintiffs are entitled to recover attorney's fees ( if any ), fees and costs, incurred in this action, through trial and the appellate courts.

202. As a result and proximate result of the fraudulent, illegal and racketeering activity perpetrated by Defendant(s), Plaintiffs have suffered and will continue to suffer damages, including, but not limited to: (a) actual damages; (b) damage to reputation, (c) suffering severe emotional distress;(d) lost monies; (e) plaintiff has suffered financial damages, and (f) among other things.

203. **WHEREFORE**, Plaintiff Kenneth A. Frank request that this Court enter a judgment for damages and treble damages against Defendant(s) David J. Giannone, Inc., d/b/a Complete

Marine, Davod J. Giannone, Inc., d/b/a Complete Marine and David J. Giannone, jointly and severally, in an amount to be determined at trial, but in no event less than One Million ( $ 1,000,000.00 ) Dollars, together with interest, pre-judgment interest, attorney's fees, costs, incidental expenses and any additional damages as to this Court deems just and proper.

## COUNT XVII

### DECLARATORY RELIEF AND PERMANENT INJUNCTION IN ACCORDANCE WITH THE FCCPA

204.  Plaintiff incorporates Paragraphs 1 through 203 as if fully set forth again herein at length.

205. Pursuant to 28 U.S.C. section(s) 2201 and 2202, Plaintiff seeks a declaration that Defendants' practices are in violation of the FDCPA and FCCPA.

206. The FCCPA provides for equitable relief including injunctive relief. Berg v. Merchs. Ass'n Collection Div., 586 F. Supp. 2d 1336, 1345, ( S.D. Fla. 2008 ).

207. Plaintiff seeks a permanent injunction prohibiting Defendants from collecting debts in the State of Florida without first obtaining a license.

208. **WHEREFORE,** Plaintiff requests that the Court enter judgment:

      a.  Declaring that all Defendants violated the FCCPA and FDCPA for their failure to obtain a license to collect debts in the State of Florida;

- 48 -

b. Permanently enjoining all Defendants from collecting upon the alleged debt;

c. Permanently enjoining the Defendants from pursuing the state court lawsuit for the alleged collection;

d. Attorney's fees (if any ), litigation expenses and costs of suit, and

e.  Such other and further relief as this Court deems just and proper.

## ADDITIONAL PRAYER FOR RELIEF

209. **WHEREFORE,** Plaintiff KENNETH A. FRANK prays to the Court to:

1. Award him actual damages pursuant to 15 USC section 1692k(a)(1) against each and every Defendant jointly and severally;

2. Award him statutory damages of $ 1,000.00 from each and every Defendant jointly and severally pursuant to 15 USC section 1692k(a)(2)(A) and FCCPA;

3. Award him costs of litigation and reasonable attorney's fees (if any ) from each and every Defendant jointly and severally pursuant to 15 USC section 1692k(a)(3) and FCCPA;

4. Award him the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from each and every Defendant jointly and severally;

5. Punitive damages pursuant to the FCCPA;

6. Grant trial before a jury on all issues so triable, and

7. Grant such other and further relief as the Court deems just and proper.

## RESERVATION OF RIGHTS

Plaintiff respectfully reserves the right to amend the Complaint.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this _18th_ day of April, 2011.

KENNETH A. FRANK, *Pro Se*
*- Plaintiff, Pro Se -*

2310 East Atlantic Boulevard, Suite 206
Pompano Beach, Florida 33062
Tel: (914) 563-4510
Fax: (954) 657-8405

By: _____
Kenneth A. Frank, *Pro Se*

# EXHIBIT A

*120*

IN THE COUNTY COURT IN AND FOR
BROWARD COUNTY, FLORIDA

DAVID J. GIANNONE, Inc. d/b/a
COMPLETE MARINE,

CIVIL DIVISION     72  JILL LEVY
CASE NO.:
**CONO**

      Plaintiff,

11   00204

v.

KENNETH A. FRANK,

SERVED

Date 1·12·91          11:15

Defendant.

Name & Number     324

Is A Sheriff Appointed Process Server In Good Standing
In Broward Co.

CIVIL ACTION SUMMONS
PERSONAL SERVICE ON A NATURAL PERSON
(En Espanol al Dorso)    (Francais Au Verso)

TO DEFENDANT(S)

KENNETH A. FRANK

ADDRESS:

1323 SE 3rd Avenue
Pompano Beach, FL 33064

OR SERVE AT:
KNA & ASSOCIATES
2310 East Atlantic Boulevard, Suite 206
Pompano Beach, FL 33062

    A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Clerk of County Court
Civil Division
North Satellite Courthouse
1600 West Hillsboro Boulevard
Deerfield Beach, Florida 33442

You must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

Plaintiff's Attorney:                              Address:

John R. Gillespie                                  2211 Northeast 36 Street
                                                   Suite 203
                                                   Lighthouse Point, FL  33064
                                                   954-785-0001

TO EACH SHERIFF OF THE STATE OF FLORIDA:   You are commanded to serve this Summons and a copy of the Complaint of this lawsuit on the above named Defendant.

HOWARD C. FORMAN              JAN 1 0 2011
CLERK OF COURTS
DATE                                        BY:

                                            ANA CASTILLO

                                       DEPUTY CLERK

                                            A TRUE COPY
                                            County Court Seal    COURT SEAL

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado de Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jors consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plate ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme di-dessous.

IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990 (ADA), DISABLED PERSONS WHO, BECAUSE OF THEIR DISABILITIES, NEED SPECIAL ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT THE ADA COORDINATOR AT 201 S.E. 6TH STREET, ROOM 136, FORT LAUDERDALE, FLORIDA 33301 OR TELEPHONE VOICE/TDD (305) 357-6364 NOT LATER THAN FIVE BUSINESS DAYS PRIOR TO SUCH PROCEEDING.

...ki fet avek American With Disabilities Act, tout moun ki ginyin yun bezwen espesiyal pou akomodasiyon pou yo patisipe nan pwogram sa-a dwe, nan yun tan resonab gvan ninpot aranjman kapab fet, yo dwe konakte Administrative Office of the Court, ki nan nimero 201 S.E. Sixth Street, Ft. Lauderdale, FL telehon nan se (954) 357-6364 oubyen 1-800-955-8771 (T.D.D.) Oubyen 1-800-995-8770(v) an pasan pa Florida Relay Service.

En accordance avec la Loi de "Americans With Disabilities", les personas en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contacter I'office administrative de la Court situe au 201 S.E. Sixth Street, Ft. Lauderdale, FL le telephone (954) 357-6364 ou 1-800-955-8771 (TDD) ou 1-800-955-8770(v) Via Florida Relay Service.

De acuerdo con el Acto o Decreto de los Americanos con Impedimentos, Inhabilitados, personas en necesidad del servicio especial para participar en este procedimiento deberan, detro de un tiempo razonable antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, 201 S.E. Sixth Street, Ft. Lauderdale, FL, telefono (954) 357-6364 o 1-800-955-8771 (TDD) o 1-800-955-8770(V) Via Florida Relay Service.

IN THE COUNTY COURT IN AND FOR
BROWARD COUNTY, FLORIDA

DAVID J. GIANNONE, Inc. d/b/a
COMPLETE MARINE,

CASE NO. **CONO** 11  00204

      Plaintiff,

72  JILL LEVY

v.

KENNETH A. FRANK,

      Defendant.

SERVED

Date 1·12·11   Time 1115

Name & Number 324

Is A Sheriff Appointed Process Server In Good Standing
In Broward Co.

**A TRUE COPY**

## COMPLAINT

Plaintiff, David J. Giannone, Inc., doing business as Complete Marine, sues Defendant,

Kenneth A. Frank, and alleges:

## GENERAL ALLEGATIONS

1.      This is an action for damages of less than $15,000.

2.      Plaintiff is a Florida corporation doing business as a marine service and repair

facility in Pompano Beach, Broward County, Florida as Complete Marine, offering services on

site and at customers' dockside locations.

3.·      Defendant is a resident of Pompano Beach, Broward County, Florida and the

owner of a pleasure vessel, also kept and maintained in Broward County, Florida.

4.      On various dates during 2010, Plaintiff rendered services and sold the parts and

equipment to or for the benefit of Defendant, repairing his pleasure boat and attempting to make

the same useable and sea worthy.

5.      On or about September 11, 2010, Defendant made a partial payment toward his

obligation to Plaintiff in the amount of $2,000.00.

Upon completion of the work and installation of the parts and equipment, Plaintiff advised Defendant that the total amount due, after application of the partial payment, was $11,406.64.

7.      Defendant has failed and refused to pay the amount owed and owes Plaintiff $11,406.64 since October 29, 2010.

## COUNT I-OPEN ACCOUNT (Form 1.932, Fla. R. Civ. P.)

Plaintiff incorporates by reference into this count the General Allegations above.

8.      Defendant owes Plaintiff $11,406.64 that is due with interest since October 29, 2010.

WHEREFORE, Plaintiff demands judgment for damages together with an award of costs, interest and such other relief as the Court shall deem appropriate.

## COUNT II-BREACH OF CONTRACT

Plaintiff incorporates by reference into this count the General Allegations above.

9.      Plaintiff and Defendant entered into an oral contract whereby Plaintiff agreed to perform or have performed certain necessary marine repairs and services to or for the benefit of Defendant and to provide certain necessary parts and equipment in connection with the repairs and services to Defendant's pleasure boat.

10.     For and in consideration of the rendition of the necessary repairs and services and the supply of necessary parts, Defendant agreed to pay the reasonable charges incurred.

11.     Defendant breached the said contract by failing and refusing to pay to Plaintiff $11.406.64.

WHEREFORE, Plaintiff demands judgment for damages together with an award of costs, interest and such other relief as the Court shall deem appropriate.

## COUNT III-TRESPASS

Plaintiff incorporates by reference into this count the General Allegations above.

12.    On October 29, 2010, Defendant's pleasure boat was successfully sea-trialed after the completion of repairs and installation of various parts as described above.

13.    The vessel was returned to the dock at Plaintiff's facility and docked there as Plaintiff was asserting its possessory lien.

14.    Plaintiff's facility was chained and locked.

15.    Despite that the facility was chained and locked, Defendant broke into the facility and removed the vessel.

16.    Defendant has willfully trespassed on Plaintiff's property and intentionally interfered with Plaintiff's possessory lien on Defendant's pleasure boat.

17.    As a result, Plaintiff has been damaged by Defendant's commission of trespass and by Defendant's unlawful removal of the vessel in contravention of Plaintiff's possessory right.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages together with an award of costs, interest and such other relief as the Court shall deem appropriate.

THE GILLESPIE LAW FIRM
John R. Gillespie, P.A.
2211 NE 36th Street, Suite 203
Lighthouse Point, FL 33064
Telephone    954-785-0001
Facsimile    954-785-0011
Email: jgillespie@gillespiefirm.com

John R. Gillespie
Fla. Bar No. 218707

FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace or supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075.

## I. CASE STYLE

IN THE COUNTY COURT OF THE
IN AND FOR BROWARD COUNTY, FLORIDA
CASE NO **CONO**

DAVID J. GIANNONE, INC., d/b/a
COMPLETE MARINE,

     Plaintiff,

**A TRUE COPY**

vs.

KENNETH A. FRANK,

    Defendant.

_____/

## II. TYPE OF CASE

(Place an x in one box only. If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ___ Simplified Dissolution | ___ Professional Malpractice | ____ Contracts |
| ___ Dissolution | ___ Products liability | ____ Condominium |
| ___ Support - IV-D | ___ Auto negligence | ____ Real property/ Mortgage foreclosure |
| ___ Support - Non IV-D | ___ Other negligence | |
| ___ URESA - IV- | | ___ Eminent domain |
| ___ Domestic violence | | |
| ___ Other domestic relations | | __X_ Other |

## III. Is Jury Trial Demanded in Complaint?

___ Yes
_X__ No

DATE: 01-08-11

THE GILLESPIE LAW FIRM
John R. Gillespie, P.A.
2211 Northeast 36 Street
Suite 203
Lighthouse Point, FL 33074
Telephone (954) 785-0001
Facsimile (954) 785-0011

By _____
                John R. Gillespie, Jr.